

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

WAGGONER CARR
ATTORNEY GENERAL

September 17, 1965

Honorable W. C. Lindsey
Criminal District Attorney
Jefferson County Courthouse
Beaumont, Texas

Opinion No. C-509

Re: What parental consent is necessary before a County Clerk may issue a license for the marriage of a female under 18 years of age or a male under 21 years of age?

Dear Mr. Lindsey:

Your letter of August 24, 1965, requesting an opinion of this office reads in part as follows:

"The 59th Legislature recently passed two acts dealing with the consent of the parents of minors for the issuance of a marriage license. Senate Bill 365, found on Page 1151 of Vernon's Session Laws, amended Article 4605, Vernon's Civil Statutes. . . .Senate Bill 366, found on Page 1522 of Vernon's Session Laws, amended Article 405 of the Penal Code of the State of Texas. . . .

"These Articles seem to us to be in direct conflict. Article 4605 expressly states that either parent may give their permission for the marriage of a minor. Article 405 then comes along and limits the authority of the mother of said minor. It seems that the amendment of Article 405 is later in time at having finally passed the Senate and House on May 28, 1965. Article 4605 was passed by the Senate on May 24, 1965, and by the House on May 21, 1965.

"In regard to the above, we would like your opinion and advice on the proper procedure that the County Clerk must follow in attaining the consent of the parents of minors. For example: is the consent of the mother of a minor

-2399-

whose father has not been away from home for at least six months sufficient for the Clerk to issue a marriage license?

"These laws become effective on August 30, 1965, and the answer to this question is of the utmost importance to the County Clerk of this County, as well as other counties of this State. Your immediate attention to this question would be greatly appreciated by all concerned."

Senate Bill No. 365 provides in part as follows:

"(a) . . .No female under the age of 18 years and no male under the age of 21 years shall enter into the marriage relation, nor shall any license issue therefor, except under the consent and authority expressly given in writing under oath, after being identified in the manner prescribed for identification of applicants in paragraph (b) of this Article, by either parent, or by the guardian, of such underage applicant in the presence of the authority issuing the license; or in the presence of the county clerk, recorder, or other authority who issues marriage licenses, . . .If a minor has neither parent nor guardian, then the clerk shall not issue a license without the consent of the county judge of the county of the residence of the minor, such consent to be in writing and signed and acknowledged by the county judge."

Senate Bill No. 366 provides in part as follows:

". . .If both parents of any minor be alive, the consent of the father alone shall be sufficient to authorize the issuance of a marriage license to the minor, provided, however, that the consent of the mother of said minor alone shall be sufficient to authorize the issuance of a marriage license to said minor upon a written affidavit subscribed and sworn to by said mother before the County Clerk issuing the license that she and said minor have lived in the county continuously for a period exceeding one year and that the father of the minor has been continuously absent from said county for a period exceeding six months; or that she and the father of said minor are divorced and that she has had sole custody

and control of said minor for a period exceeding six months."

It is our opinion that Senate Bill No. 365 and Senate Bill No. 366 are not in conflict. Each bill amends separate statutes relating to the same general subject matter requiring consent of parents for minors to marry. Settled rules of statutory construction require statutes relating to the same general subject matter and having the same general purpose to be construed in pari materia. Statutes involving the same class or classes of persons will be construed harmoniously so as to reflect the intent of the Legislature for those persons affected. 53 Tex.Jur.2d 280, § 186.

Senate Bill No. 365, as quoted above, provides for consent for marriage of a minor by either parent, or by the guardian in specific cases, or by the county judge in specific instances. No limitation is provided for parents by Senate Bill No. 365, however, consent of the guardian or a county judge is allowed only in compliance with specific requirements. It is our opinion that the Legislature intended Senate Bill 366 to set forth requirements in specific cases for either parent to consent to marriage of a minor. Atty. Gen. Op. WW-999. If both parents are alive, consent of the father alone is sufficient within the provisions of Senate Bill No. 366. Atty. Gen. Op. WW-999. Consent of the mother is sufficient within the provisions of Senate Bill No. 366 upon a written affidavit subscribed and sworn to by the mother before the County Clerk issuing the license;

(1) That she and said minor have lived in the county continuously for a period exceeding one year and

(2) That the father of the minor has been continuously absent from said county for a period exceeding six months.

or

(1) That she and the father of said minor are divorced and

(2) That she has had sole custody and control of said minor for a period exceeding six months.

In answer to your second request, it is our opinion that consent of the mother of a minor whose father has not been away from the county for at least six months is sufficient for issuance of a license where she and the father are divorced and

she has had sole custody and control of the minor for a period exceeding six month. If the father has been away for less than six months and the parents are not divorced, consent of the mother alone is not sufficient where both parents are alive.

### S U M M A R Y

Either parent may consent to marriage of a minor under the provisions of Senate Bill 365, 59th Legislature, Regular Session, Ch. 543, p. 1151. However, specific provisions of Senate Bill 366, 59th Legislature, Regular Session, Ch. 663, p. 1522, in certain specified fact situations require consent of the father alone and provide for consent of the mother alone. Atty. Gen. Op. WW-999.

Yours very truly,

WAGGONER CARR
Attorney General

By: Gordon Houser

Gordon Houser
Assistant

GH:sj:mkh

APPROVED:
OPINION COMMITTEE

W. V. Geppert, Chairman
Dean Arrington
Jack Goodman
Douglass Chilton
James Strock

APPROVED FOR THE ATTORNEY GENERAL
BY: T. B. Wright